# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY SHENKMAN,<br>　　　　Plaintiff,<br>　　v.<br>IBERIABANK CORPORATION,<br>　　　　Defendant. | Case No. 18-cv-05715-PJH<br><br>**ORDER**<br>Re: Dkt. No. 21 |

Before the court is plaintiff Gregory Shenkman and defendant Iberiabank Corporation's (together, "the parties") joint stipulation to dismiss the action without prejudice. Dkt. 21. On August 16, 2018, Shenkman commenced an action in the Superior Court of the State of California, County of Marin. Dkt. 1-2. On September 18, 2018, defendant removed the action to this court. Dkt. 1. On October 25, 2018, Kristina Nenaydokh filed a notice of judgment lien against Senkman, based on an action in state court. Dkt. 20. On December 18, 2018, the parties filed a stipulation for voluntary dismissal without prejudice pursuant to FRCP 41(a)(1)(A)(ii). Dkt. 21. Nenaydokh did not provide written consent to the stipulation.

Ordinarily, "[a] voluntary dismissal by stipulation under Rule 41(a)(1)(A)(ii) is effective immediately upon filing and does not require judicial approval." 9 Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. § 2363. However, even after a dismissal by stipulation, the court retains jurisdiction over the action with respect to, e.g., attorneys' liens. Id.; see also Martens v. Hadley Mem'l Hosp., 753 F. Supp. 371, 373 (D.D.C. 1990). In this action, the court faces the question of whether to close the case pursuant to the

parties' stipulation even though a judgment lienholder who had noticed a lien in the case was not party to the stipulation.

California Civil Procedure Code § 708.440 provides, in part:

> unless the judgment creditor's money judgment is first satisfied or the lien is released . . . no compromise, dismissal, settlement, or satisfaction of the pending action . . . may be entered into by or on behalf of the judgment debtor, without the written consent of the judgment creditor or authorization by order of the court

Cal. Civ. Proc. Code § 708.440(a).

The rule applies to actions in federal court. Simplicity Int'l v. Genlabs Corp., No. 09-CV-06146-SVW-RC, 2011 WL 13180213, at *1–3 & n.5 (C.D. Cal. Aug. 18, 2011) ("Nor do the Federal Rules of Civil Procedure preempt § 708.440(a)."); see also Paul Revere Ins. Grp. v. United States, 500 F.3d 957, 960 (9th Cir. 2007) (applying Cal. Civ. Proc. Code § 708.410 "[c]onsistent with [FRCP] Rule 69(a)"); Grannan v. Alliant Law Grp., P.C., No. C10-02803 HRL, 2012 WL 216522, at *9 (N.D. Cal. Jan. 24, 2012); Eclipse Grp. LLP v. Target Corp., No. 15-CV-1411 JLS (BLM), 2018 WL 4680006, at *3 (S.D. Cal. Sept. 28, 2018).

"The judgment lien statutes are strictly construed and followed, and conduct that does not conform to those statutes is ineffective." Flores v. Jewels Mktg. & Agribusiness, No. 1:07-CV-334 AWIDLB, 2010 WL 1486913, at *5 (E.D. Cal. Apr. 13, 2010); accord Casa Eva I Homeowners Assn. v. Ani Construction & Tile, Inc., 134 Cal. App. 4th 771, 780 (2005); Pangborn Plumbing Corp. v. Carruthers & Skiffington, 97 Cal. App. 4th 1039, 1056 (2002). The statute provides that "**no . . . dismissal** . . . of the pending action . . . may be entered into by or on behalf of the judgment debtor, without the written consent of the judgment creditor or authorization by order of the court[.]" Cal. Civ. Proc. Code § 708.440(a) (emphasis added). Under the plain language, a judgment debtor may not voluntarily dismiss a case he brings once a judgment lien is attached absent approval from the lienholder or the court. See, e.g., Simplicity, 2011 WL 13180213, at *1–3. The rule applies "irrespective" of whether the resolution of the case involves compensation to

the debtor.  Flores, 2010 WL 1486913, at *6.  Still, "California courts have upheld voluntary dismissals where a lienholder failed to object to the dismissal[.]"  Simplicity, 2011 WL 13180213, at *3 (citing McDade v. Ash, No. B205215, 2009 WL 33297, at *1 (Cal. Ct. App. Jan. 7, 2009)).

To dismiss this action in compliance with California Civil Procedure Code § 708.440, the parties face two alternatives.  First, they can obtain Nenaydokh's written consent to dismiss the case.  Second, they can serve a copy of the stipulation to dismiss and this order on Nenaydokh either personally or by mail, pursuant to the requirements of California Civil Procedure Code § 708.440(b), and file proof of service with the court.  Nenaydokh would then have 30 days from the date of service to file a statement of opposition to dismissal in this action.  If Nenaydokh does not file an opposition within that time frame, the court will deem the dismissal unopposed.  If Nenaydokh timely opposes, the parties may file a motion to approve the dismissal pursuant to the requirements of California Civil Procedure Code § 708.440(b).

**IT IS SO ORDERED.**

Dated: January 10, 2019

_____
PHYLLIS J. HAMILTON
United States District Judge